# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **BEACON NAVIGATION GMBH,** | Civil Case No. 13-cv-11512-PJD-MAR<br>Civil Case No. 13-cv-11511-PJD-MAR |
| *Plaintiff,* | |
| v. | **FIRST AMENDED COMPLAINT** |
| **VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC.; AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

Plaintiff Beacon Navigation GmbH ("Beacon" or "Plaintiff"), for its Complaint against Defendants Volkswagen AG ("Volkswagen"), Volkswagen Group of America, Inc. ("Volkswagen Group of America"), and Volkswagen Group of America Chattanooga Operations, LLC ("Volkswagen Group of America Chattanooga Operations") states and alleges as follows:

## THE PARTIES

1. Plaintiff Beacon is a Swiss company with limited liability with a principal place of business in Switzerland.

2. Upon information and belief, Defendant Volkswagen is a German corporation with its principal place of business at Brieffach 1849, Wolfsburg, 38436 Germany.

3. Upon information and belief, Defendant Volkswagen Group of America is a New Jersey corporation with its principal place of business at 2200 Ferdinand Porsche Dr., Herndon, VA 20171.

4. Upon information and belief, Defendant Volkswagen Group of America Chattanooga Operations is a Tennessee corporation with its principal place of business at 2200

Ferdinand Porsche Dr., Herndon, VA 20171.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because (1) a substantial part of the events giving rise to Beacon's claims occurred in the Eastern District of Michigan, (2) because each of the Defendants is either resident in or otherwise subject to personal jurisdiction in the Eastern District of Michigan, or is an alien, or (3) each of the Defendants has committed acts of infringement in and has a regular and established place of business in the Eastern District of Michigan.

## BACKGROUND

7. Beacon owns all right, title and interest in U.S. Patent No. 6,374,180 (the "'180 patent"); U.S. Patent No. 6,029,111 (the "'111 patent"); U.S. Patent No. 5,862,511 (the "'511 patent"); and U.S. Patent No. 5,878,368 (the "'368 patent") (collectively, the "patents-in-suit").

8. The '180 patent, entitled "Points of Interest for a Navigation System," was duly and legally issued by the United States Patent and Trademark Office on April 16, 2002, after full and fair examination. A copy of the '180 patent is attached hereto as Exhibit A.

9. The '111 patent, entitled "Vehicle Navigation System and Method Using GPS Velocities," was duly and legally issued by the United States Patent and Trademark Office on February 22, 2000, after full and fair examination. A copy of the '111 patent is attached hereto as Exhibit B.

10. The '511 patent, entitled "Vehicle Navigation System and Method," was duly and legally issued by the United States Patent and Trademark Office on January 19, 1999, after full and fair examination. A copy of the '511 patent is attached hereto as Exhibit C.

11. The '368 patent, entitled "Navigation System with User Definable Cost Values," was duly and legally issued by the United States Patent and Trademark Office on March 2, 1999,

after full and fair examination. A copy of the '368 patent is attached hereto as Exhibit D.

12. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations manufacture, sell and distribute vehicles with navigation systems.

## COUNT I

### INFRINGEMENT OF THE '180 PATENT

13. Beacon incorporates each of the preceding paragraphs 1-12 as if fully set forth herein.

14. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, claim 7 of the '180 patent.

15. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations directly infringe, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '180 patent, including but not limited to vehicles with navigation.

16. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '180 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action.

17. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have contributed to direct infringement of the '180 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to vehicles with navigation, are specially adapted for an infringing use of the '180 patent, embody a material part of the inventions claimed in the '180 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

18. Upon information and belief, Volkswagen, Volkswagen Group of America, and

3

Volkswagen Group of America Chattanooga Operations actively induce others (e.g., consumers) to directly infringe the '180 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to vehicles with navigation, along with instructions, user manuals, or technical assistance actively directing, encouraging, or assisting infringement of the '180 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '180 patent.

19. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '180 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action but have engaged in infringing conduct nonetheless.  Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations' infringement is willful.

20. Beacon has no adequate remedy at law against these acts of patent infringement. Unless Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations are permanently enjoined from further infringement of the '180 patent, Beacon will suffer irreparable harm.

21. As a direct and proximate result of the acts of patent infringement by Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, Beacon has been damaged in an amount not presently known.

22. Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## COUNT II

### INFRINGEMENT OF THE '111 PATENT

23. Beacon incorporates each of the preceding paragraphs 1-12 as if fully set forth herein.

24. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, claims 5, 12, and 19 of the '111 patent.

25. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations directly infringe, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '111 patent, including but not limited to vehicles with navigation.

26. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '111 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action.

27. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have contributed to direct infringement of the '111 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to vehicles with navigation, are specially adapted for an infringing use of the '111 patent, embody a material part of the inventions claimed in the '111 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

28. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations actively induce others (e.g., consumers) to directly infringe the '111 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to vehicles with navigation, along with instructions, user manuals, or technical assistance actively directing, encouraging, or assisting infringement of the '111 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '111 patent.

29. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '111 patent based

on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action but have engaged in infringing conduct nonetheless. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations' infringement is willful.

30. Beacon has no adequate remedy at law against these acts of patent infringement. Unless Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations are permanently enjoined from further infringement of the '111 patent, Beacon will suffer irreparable harm.

31. As a direct and proximate result of the acts of patent infringement by Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, Beacon has been damaged in an amount not presently known.

32. Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## COUNT III

## INFRINGEMENT OF THE '511 PATENT

33. Beacon incorporates each of the preceding paragraphs 1-12 as if fully set forth herein.

34. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, claims 1 and 3 of the '511 patent.

35. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations directly infringe, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '511 patent, including but not limited to vehicles with navigation.

36. Upon information and belief, Volkswagen, Volkswagen Group of America, and

Volkswagen Group of America Chattanooga Operations had knowledge of the '511 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action.

37. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have contributed to direct infringement of the '511 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to vehicles with navigation, are specially adapted for an infringing use of the '511 patent, embody a material part of the inventions claimed in the '511 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

38. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations actively induce others (e.g., consumers) to directly infringe the '511 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to vehicles with navigation, along with instructions, user manuals, or technical assistance actively directing, encouraging or assisting infringement of the '511 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '511 patent.

39. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '511 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action but have engaged in infringing conduct nonetheless. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations' infringement is willful.

40. Beacon has no adequate remedy at law against these acts of patent infringement. Unless Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations are permanently enjoined from further infringement of the '511 patent, Beacon will suffer irreparable harm.

41.     As a direct and proximate result of the acts of patent infringement by Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, Beacon has been damaged in an amount not presently known.

42.     Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## COUNT IV

## INFRINGEMENT OF THE '368 PATENT

43.     Beacon incorporates each of the preceding paragraphs 1-12 as if fully set forth herein.

44.     Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have been and are infringing literally and/or under the doctrine of equivalents, directly, contributorily, or by inducement, claims 1, 10-11, and 15 of the '368 patent.

45.     Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations directly infringe, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that practice the '368 patent, including but not limited to vehicles with navigation.

46.     Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '368 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action.

47.     Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations have contributed to direct infringement of the '368 patent by others (e.g., consumers), in violation of 35 U.S.C. § 271(b), because the GPS navigation systems in their products, including but not limited to vehicles with navigation,

are specially adapted for an infringing use of the '368 patent, embody a material part of the inventions claimed in the '368 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

48. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations actively induce others (e.g., consumers) to directly infringe the '368 patent, in violation of 35 U.S.C. § 271(c), by providing products with GPS navigation systems, including but not limited to vehicles with navigation, along with instructions, user manuals, or technical assistance actively directing, encouraging or assisting infringement of the '368 patent, and/or by providing a system where one of the core and common features leads to third party infringement of the '368 patent.

49. Upon information and belief, Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations had knowledge of the '368 patent based on a letter sent to each of them on September 28, 2011 and by the filing of the initial Complaint in this action but have engaged in infringing conduct nonetheless. Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations' infringement is willful.

50. Beacon has no adequate remedy at law against these acts of patent infringement. Unless Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations are permanently enjoined from further infringement of the '368 patent, Beacon will suffer irreparable harm.

51. As a direct and proximate result of the acts of patent infringement by Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, Beacon has been damaged in an amount not presently known.

52. Beacon has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Beacon is entitled to recover its reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

Beacon requests that judgment be entered in its favor and against Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, and that the Court award the following relief to Beacon:

(a) damages in an amount adequate to compensate Beacon for infringement of the patents-in-suit, and in no event less than a reasonable royalty;

(b) increased damages in an amount three times the damages found by the jury or assessed by the Court for the willful infringement of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c) expenses, costs, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(d) a preliminary and, thereafter, a permanent injunction against Volkswagen, Volkswagen Group of America, and Volkswagen Group of America Chattanooga Operations, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice thereof;

(e) prejudgment and post-judgment interest on all damages; and

(f) such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Beacon asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by a jury.

Dated:  May 30, 2013	Respectfully submitted,

*/s/ Michael C. Ting*
Jay M. Schloff (SBN P60183)
AIDENBAUM SCHLOFF AND BLOOM PLLC
6960 Orchard Lake Road, Suite 250
West Bloomfield, Michigan 48322
Telephone:  (248) 865-6500
*jschloff@aidenbaum.com*

Robert E. Freitas (CA SBN 80948)
Kevin C. Jones (CA SBN 240205)
Michael C. Ting (CA SBN 247610)
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone:  (650) 593-6300
*rfreitas@ftklaw.com*
*kjones@ftklaw.com*
*mting@ftklaw.com*

*Counsel for Plaintiff*
BEACON NAVIGATION GMBH

DMS:106980.1