UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEACON NAVIGATION GMBH,

         *Plaintiff,*

    v.

VOLKSWAGEN AG, VOLKSWAGEN
GROUP OF AMERICA, INC., AND
VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS, LLC,

         *Defendants.*

Civil Action No. 2:13-cv-11512-PJD-MAR

Hon. Patrick J. Duggan
Mag. Mark A. Randon

**JURY TRIAL DEMANDED**

BEACON NAVIGATION GMBH,

         *Plaintiff,*

    v.

AUDI AG; AUDI OF AMERICA, INC.; AND
AUDI OF AMERICA, LLC,

         *Defendants.*

Civil Action No. 2:13-cv-11405-PJD-MAR

Hon. Patrick J. Duggan
Mag. Mark A. Randon

**JURY TRIAL DEMANDED**

**DEFENDANTS' MOTION TO DISMISS BEACON
NAVIGATION GMBH'S INFRINGEMENT CLAIMS**

Defendants Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Audi of America, Inc., and Audi of America, LLC (the "Volkswagen and Audi defendants") hereby respectfully move to dismiss Beacon Navigation GmbH's ("Beacon") complaints for infringement of the four patents asserted in these litigations.

As explained in the accompanying memorandum, the United States Patent and Trademark Office ("PTO") determined during reexamination proceedings that the feature described in each of these patents to distinguish the claims asserted in these litigations from the prior art is not patentable. Beacon has conceded that the claims of the '111, '380 and '180 patents are not patentable and abandoned the reexaminations. The PTO has since issued reexamination certificates canceling those claims. The fourth Beacon patent, '511, relies on the same inventive feature as the '111 patent to distinguish over the prior art, and the claims asserted in these litigations have similarly been rejected by the PTO as not patentable. Since Beacon has had a full and fair opportunity during the reexamination proceedings to present its arguments for the patentability of the claims of the patents it is asserting against the Volkswagen and Audi defendants in these lawsuits, the doctrine of collateral estoppel precludes Beacon from re-litigating in this Court the same issues decided against it in the PTO reexamination proceedings. Beacon's complaints for infringement against the Volkswagen and Audi defendants should accordingly be dismissed with prejudice.

Pursuant to E. D. Mich. LR 7.1(a), the attorneys for the Volkswagen and Audi defendants have conferred with the attorneys for Beacon and explained to them the nature of and legal basis for this motion. Volkswagen and Audi's attorneys requested but were unable to obtain Beacon's concurrence in the motion.

Dated:    June 7, 2013                                Respectfully submitted,


                                                      /s/Michael C. Simoni

                                                      Marjory G. Basile (P30358)
                                                      Michael C. Simoni (P70042)
                                                      Miller, Canfield, Paddock and Stone, P.L.C.
                                                      150 W. Jefferson Ave., Suite 2500
                                                      Detroit, MI 48226
                                                      (313) 963-6420
                                                      basile@millercanfield.com
                                                      simoni@millercanfield.com

                                                      Michael J. Lennon (NY 1160506)
                                                      KENYON & KENYON LLP
                                                      One Broadway
                                                      New York, NY 10004-1007
                                                      Tel.: (212) 425-7200
                                                      mlennon@kenyon.com

                                                      Susan A. Smith (DC 455946)
                                                      KENYON & KENYON LLP
                                                      1500 K Street, NW
                                                      Washington, DC 20005-1257
                                                      Tel.: (202) 220-4200
                                                      ssmith@kenyon.com

                                                      *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>*Plaintiff,*<br><br>v.<br><br>VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC,<br><br>*Defendants.* | Civil Action No. 2:13-cv-11512-PJD-MAR<br><br>Hon. Patrick J. Duggan<br>Mag. Mark A. Randon<br><br>**JURY TRIAL DEMANDED** |
| BEACON NAVIGATION GMBH,<br><br>*Plaintiff,*<br><br>v.<br><br>AUDI AG; AUDI OF AMERICA, INC.; AND AUDI OF AMERICA, LLC,<br><br>*Defendants.* | Civil Action No. 2:13-cv-11405-PJD-MAR<br><br>Hon. Patrick J. Duggan<br>Mag. Mark A. Randon<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
BEACON NAVIGATION GMBH'S INFRINGEMENT CLAIMS**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ..................................................................................... ii

INDEX OF EXHIBITS ............................................................................................ iv

STATEMENT OF THE ISSUES PRESENTED ....................................................... vi

MOST CONTROLLING OR APPROPRIATE AUTHORITIES ............................... vii

INTRODUCTION .................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ................................................. 1

    A.  Beacon's Allegations and Case Status ......................................................... 1

    B.  The Asserted Patents .................................................................................... 3

         1.  The '180 Patent ................................................................................... 3

         2.  The '380 Patent ................................................................................... 5

         3.  The '111 and '511 Patents .................................................................. 6

ARGUMENT ............................................................................................................ 8

I.    Beacon's Complaints For Infringement Of The '111, '380, And '180 Patents Should Be Dismissed With Prejudice Because Beacon Is Now Precluded By The Doctrine Of Collateral Estoppel From Re-Litigating Its Allegations Of Infringement Of The Asserted Patent Claims That Were Canceled By The PTO, And That It Has Conceded Are Not Patentable, In The Reexaminations........................................................................... 9

II.   Beacon's Complaints For Infringement In These Litigations Should Also Be Dismissed With Prejudice Because The Doctrine Of Collateral Estoppel Now Precludes Beacon From Litigating Allegations Of Infringement Of Any Other Claims Of The '111, '380, And '180 Patents, Or Any Claims Of The '511 Patent, Because Those Claims Relied On Features Of The Canceled Claims That The PTO Has Determined Are Not A Basis For Patentability, And Beacon Has Conceded That Those Features Are Not Patentable ....... 11

CONCLUSION ......................................................................................................... 13

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) .......................................................................... 8

*Amgen, Inc. v. Ortho Biotech Inc.*, 98 F.3d 1328 (Fed. Cir. 1996) ............................. 13

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    672 F.3d 1335 (Fed. Cir. 2012) ............................................................................ 13

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). .................... 8

*Bourns v. U.S.*, 537 F.2d 486 (Ct. Cl. 1976) ......................................................... 11, 12

*Collegenet, Inc. v. Applyyourself, Inc.*, No. CV-02-484-HU,
    2008 U.S. Dist. LEXIS 90156 (D. Ore. Oct. 28, 2008) ..................................... 13

*Flexiteek Americas, Inc. v. Plasteak, Inc.*,
    Case No. 08-60996-CIV-COHN/SELTZER,
    2012 U.S. Dist. LEXIS 156286 (S.D. Fla. Sept. 10, 2012) ............................... 8

*Medinol Ltd. v. Guidant Corp.*,
    341 F. Supp. 2d 301 (S.D.N.Y. 2004) .......................................................... 11, 13

*Mendenhall v. Barber-Greene Co.*,
    26 F.3d 1573 (Fed. Cir. 1994) ........................................................................ 8, 10

*N.A.A.C.P. v. Detroit Police Officers Assoc.*, 821 F.2d 328 (6th Cir. 1987) ................. 9

*Ohio Willow Wood Co. v. ALPS South, LLC*,
    Case No. 2:04-cv-1223,
    2012 U.S. Dist. LEXIS 83345 (S.D. Ohio Jun. 15, 2012) .................... 9, 11, 13

*Seaquist Closures LLC v. Rexam Plastics*, Case No. 08C0106,
    2009 U.S. Dist. LEXIS 48220 (E.D. Wis. Jun. 9, 2009) ............................. 8, 10

*Smith v. SEC*, 129 F.3d 356 (6th Cir. 1997) ................................................................. 9

*Tan v. Integrated Silicon Sol'ns. Inc.*, No. C 07-06166 WHA,
    2008 U.S. Dist. LEXIS 44564 (N.D. Cal. Jun. 5, 2008) ................................ 8, 9

*Westwood Chem., Inc. v. U.S.*, 525 F.2d 1367 (Ct. Cl. 1975) .................................... 11

**Statutes**

35 U.S.C. 307(a) ........................................................................................................ 14

**Regulations**

37 C.F.R. § 1.913 ................................................................................................................. 11

## <u>INDEX OF EXHIBITS</u>

Exhibit 1      U.S. Patent No. 6,374,180 ("the '180 patent")

Exhibit 2      Office Action issued in prosecution of the '180 patent, dated April 26, 2001

Exhibit 3      Amendment submitted in prosecution of the '180 patent, dated August 27, 2001

Exhibit 4      Order Granting *Inter Partes* Reexamination of the '180 patent and Office Action, dated February 1, 2012

Exhibit 5      Action Closing Prosecution issued in reexamination of the '180 patent, dated May 17, 2012

Exhibit 6      Right of Appeal Notice issued in reexamination of the '180 patent, dated December 26, 2012

Exhibit 7      Reexamination Certificate for the '180 patent

Exhibit 8      U.S. Patent No. 6,178,380 ("the '380 patent")

Exhibit 9      Office Action issued in prosecution of the '380 patent, dated June 29, 2000

Exhibit 10     Order Granting *Ex Parte* Reexamination of the '380 patent, dated January 6, 2012

Exhibit 11     Office Action issued in reexamination of the '380 patent, dated April 27, 2012

Exhibit 12     Final Office Action issued in reexamination of '380 patent, dated July 30, 2012

Exhibit 13     Reexamination Certificate for the '380 patent

Exhibit 14     U.S. Patent No. 6,029,111 ("the '111 patent")

Exhibit 15     U.S. Patent No. 5,862,511 ("the '511 patent")

Exhibit 16     Amendment submitted in prosecution of the '111 patent, dated September 24, 1997

Exhibit 17     Notice of Allowance issued in prosecution of the '111 patent, dated June 5, 1998

Exhibit 18     Amendment submitted in prosecution of the '511 patent, dated August 3, 1998

Exhibit 19     Order Granting *Ex Parte* Reexamination of the '111 patent, dated January 30, 2012

Exhibit 20     Office Action issued in reexamination of the '111 patent, dated May 1, 2012

Exhibit 21     Final Office Action issued in reexamination of the '111 patent, dated August 28, 2012

iv

Exhibit 22    Reexamination Certificate for the '111 patent

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

Should Beacon's complaints against the Volkswagen and Audi defendants in these lawsuits for infringement of U.S. Patent Nos. 6,374,180, 6,178,380, 6,029,111, and 5,862,511 be dismissed with prejudice?


Defendants' Answer:  Yes.

## <u>MOST CONTROLLING OR APPROPRIATE AUTHORITIES</u>

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
     672 F.3d 1335 (Fed. Cir. 2012)

*Bourns v. U.S.*, 537 F.2d 486 (Ct. Cl. 1976)

*Collegenet, Inc. v. Applyyourself, Inc.*, No. CV-02-484-HU,
     2008 U.S. Dist. LEXIS 90156 (D. Ore. Oct. 28, 2008)

*Medinol Ltd. v. Guidant Corp.*,
     341 F. Supp. 2d 301 (S.D.N.Y. 2004)

*Ohio Willow Wood Co. v. ALPS South, LLC*,
     Case No. 2:04-cv-1223,
     2012 U.S. Dist. LEXIS 83345 (S.D. Ohio Jun. 15, 2012)

*Seaquist Closures LLC v. Rexam Plastics*, Case No. 08C0106,
     2009 U.S. Dist. LEXIS 48220 (E.D. Wis. Jun. 9, 2009)

*Tan v. Integrated Silicon Sol'ns. Inc.*, No. C 07-06166 WHA,
     2008 U.S. Dist. LEXIS 44564 (N.D. Cal. Jun. 5, 2008)

## INTRODUCTION

In these two litigations, plaintiff Beacon is asserting certain claims of four of its patents against six Volkswagen and Audi defendants (Volkswagen AG, Volkswagen Group of America, Inc., Volkswagen Group of America Chattanooga Operations, LLC, Audi AG, Audi of America, Inc., and Audi of America, LLC).  During recent reexamination proceedings in the U.S. Patent and Trademark Office ("PTO"), the PTO considered whether specific features of those claims are patentable in view of the prior art, and has determined that those features are not patentable. Beacon conceded that those claims are not patentable and abandoned the reexaminations, after which the PTO issued reexamination certificates canceling the claims.

As a result of the PTO determinations, Beacon is collaterally estopped from re-litigating the same issues in this Court, either by asserting the claims the PTO has canceled as not patentable, or by asserting other claims of these patents which relied on the same features to distinguish the prior art.  As explained below, Beacon is estopped from asserting any claim for infringement of these four patents, and its complaints against the Volkswagen and Audi defendants should be dismissed, with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

### A.     Beacon's Allegations and Case Status

On October 11, 2011, Beacon filed four separate complaints in the District of Delaware against the Volkswagen and Audi defendants alleging infringement of eight patents, including the '180, '380, '111 and '511 patents.[1]  Beacon's complaints in the present two lawsuits allege

---

[1]   Beacon's four complaints were docketed in the District of Delaware as Case Nos. 1:11-cv-00928-GMS (the "-928" case), 1:11-cv-00929-GMS (the "-929" case), 1:11-cv-00957-GMS (the "-957" case), and 1:11-cv-00958-GMS (the "-958" case).  All four cases were recently transferred to this District, and provided with new docket numbers, such that the -928 case is now 2:13-cv-11389-PJD-MAR; the -929 case is now 2:13-cv-11405-PJD-MAR; the -957 case
(continued…)

that claim 1 of the '180 patent, claims 1, 26, and 29 of the '380 patent, claims 1, 10, and 17 of the '111 patent, and claims 1 and 3 of the '511 patent are being infringed by the Volkswagen and Audi defendants.[2]

On October 21, 2011, ten days after filing its complaints in the Delaware Court, Beacon filed a complaint in the International Trade Commission against the Volkswagen and Audi defendants, as well as the other defendants named in its Delaware lawsuits.  The ITC complaint alleged infringement of Beacon's '180, '380, '111, and '511 patents that were being asserted against the Volkswagen and Audi defendants in the -929 and -958 cases pending in the District of Delaware (the -405 and -512 cases pending in this Court).[3]

On December 16, 2011, the Volkswagen and Audi defendants moved for a mandatory stay of the -929 and -958 cases until completion of Beacon's ITC action.[4]  The ITC instituted an investigation, but Beacon subsequently moved to terminate the investigation, which the presiding administrative law judge granted on May 8, 2012.  On June 7, 2012, the Commission issued a notice of its determination not to review the administrative law judge's order.  However, the mandatory stay orders entered by the Delaware Court in the -929 and -958 cases remain in effect

---

is now 2:13-cv-11511-PJD-MAR; and the -958 case is now 2:13-cv-11512-PJD-MAR.

In addition to these lawsuits, Beacon also filed suit in the District of Delaware asserting the same eight patents in more than 30 other complaints against different, unrelated automobile manufacturers.  All of these cases have since been transferred to this District as well.  *See, e.g.*, E.D. Mich. Case Nos. 2:13-cv-11378 and 2:13-cv-11380 (Chrysler), 2:13-cv-11381 and 2:13-cv-11382 (Ford), and 2:13-cv-11386 and 2:13-cv-11387 (GM).

[2]   In Case No. 2:13-cv-11405-PJD-MAR (the "-405 case"), filed against the Audi defendants, Beacon is asserting the '180, '380, and '111 patents; in Case No. 2:13-cv-11512-PJD-MAR (the "-512 case"), filed against the Volkswagen defendants, Beacon is asserting the '180, '380, '111, and '511 patents.  *See* -405 case, D.I. 1 ¶¶ 14, 24, 34; -512 case, D.I. 1 ¶¶ 15, 25, 35, 45.

[3]   *See* ITC Investigation No. 337-2850 (complaint filed October 21, 2011).

[4]   *See* -929 case, D.I. 15; -958 case, D.I. 15.

2

in the present -405 and -512 cases before this Court.  As a result, the Volkswagen and Audi

defendants have not yet answered Beacon's complaints in these cases.[5]

**B.     The Asserted Patents**

**1.     The '180 Patent**

The '180 patent, which describes the alleged invention as "Points of Interest for a

Navigation System," was granted by the PTO on April 16, 2002.  *See* Ex. 1.  The patent

generally describes a vehicle navigation system that enables a user to search for points of interest

across categories while relating a point of interest to the vehicle location.  *See id.* at col. 1, lines

42-46.  In summarizing the claimed invention of the patent, the specification states that the

system "senses the vehicle travel information such as vehicle position or vehicle direction.  The

points of interest are organized relative to the vehicle information.  A hit list is generated and

displayed in a manner that relates to vehicle location."  *See* Ex. 1, col. 1, lines 61-65.

**a.     The Original Prosecution of the '180 Patent**

During the original prosecution of the '180 patent, both the applicants and the PTO

confirmed that the point of novelty of the claims was the feature of generating a list of points of

interest in a manner that relates to the vehicle location.  The PTO initially rejected the claims

presented because the prior art described "all of the limitations except for the explicit recitation

of organizing the list in order of closest point of interest in the direction of travel or a direction

---

[5]   On May 30, 2013, Beacon filed motions to consolidate the four cases against the Volkswagen
and Audi defendants into two lawsuits, and also for leave to file amended complaints.  In its
proposed amended complaints, Beacon now seeks to plead infringement of claims of the '111
and '180 patents that it did not previously assert in the Delaware cases:  claims 5, 12, and 19,
of the '111 patent (against both the Volkswagen and Audi defendants) and claim 7 of the '180
patent (against only the Volkswagen defendants).  *See* -389 case, D.I. 16 at Ex. 1, ¶ 13; -512
case, D.I. 14 at Ex. 1, ¶¶ 14, 24.  Beacon seeks to continue to assert claims 1 and 3 of the '511
patent against only the Volkswagen defendants (*see* -512 case, D.I. 14 at Ex. 1, ¶ 34), and
apparently is withdrawing its claims of infringement of the '380 patent against both the
Volkswagen defendants and the Audi defendants.

opposite of the vehicle direction and approximately perpendicular to farthest point of interest in the travel direction." Ex. 2 at 3. In response to this rejection, the inventors and their patent attorneys argued that the prior art did not describe "organizing and displaying a hit list of points of interest containing the character string with reference to the vehicle travel information," (Ex. 3 at 3) and the PTO granted the patent based on these arguments.

Claim 1 of the '180 patent asserted by Beacon in these litigations includes as an element the same alleged novel feature: displaying a list of hits organized based on the vehicle's current travel status.[6] Ex. 1.

### b.      Reexamination of the '180 Patent

On December 13, 2011, defendant Volkswagen Group of America, Inc. ("VWGoA") filed a request for *inter partes* reexamination of claim 1 of the '180 patent.[7] On February 1, 2012, the PTO ordered reexamination and later rejected the subject matter of this claim— including the feature that allegedly distinguishes the claims from the prior art: generating a list of points of interest in a manner that relates to the vehicle location—as not patentable in view of the prior art submitted by VWGoA in its request. *See* Exs. 4-6. Although it had the opportunity to do so, Beacon did not appeal this determination, and the claim was canceled by the PTO in a reexamination certificate issued on May 2, 2013. *See* Ex. 7.

---

[6]   As noted above, Beacon is now seeking permission of the Court to amend its complaint to assert claim 7 of the '180 patent, instead of claim 1. Claim 7 incorporates the subject matter of claim 1 and as a result, also includes this feature.

[7]   In 2011, *inter partes* reexamination was available only for patents that issued from a patent application filed in the United States on or after November 29, 1999. *See e.g.*, 37 C.F.R. § 1.913. Of the eight patents that have been asserted in the Beacon lawsuits, only Beacon's '180 patent is subject to *inter partes* reexamination. The remaining reexamination requests have been filed pursuant to the PTO's *ex parte* reexamination rules.

2.      **The '380 Patent**

The '380 patent, which describes its alleged invention as "Street Identification for a Map Zoom of a Navigation System," was granted on January 23, 2001.  *See* Ex. 8.  The '380 patent generally describes the display of a street name on a navigation system screen, the street name being displayed in different parts of the map depending on the map zoom level.  *See id.* at col. 2, lines 19-30.  According to the patent, "it is desirable to provide a vehicle location display for a navigation system that permits a user to alter the scale of a displayed map to a large scale while still providing the user with information concerning the current vehicle location.  *Id.* at col. 2, lines 7-11.  In summarizing the invention, the patent states that the navigation system "display displays an associated road segment name adjacent the current road segment when the variable scale is below a threshold scale.  The display displays the associated road segment name of the current road segment in a current location field on the display not adjacent the current road segment when the scale is above the threshold scale."  *Id*. at col. 2, lines 24-30.  During prosecution of the '380 patent, the inventors and their patent attorneys argued that this feature was the point of novelty of the claimed invention.

a.      **The Original Prosecution of the '380 Patent**

During the original prosecution of the '380 patent, the PTO rejected the claims presented as not patentable, and, in response, the inventors argued that the feature of the claimed invention that distinguishes it over the prior art was the display of the current road segment name in a current location field, which is not adjacent to the current road segment, when the variable scale exceeded a certain threshold scale:

> None of the references disclose displaying the road segment name adjacent the current road segment when the scale is below a threshold scale and in a current location field on the display not adjacent the current road segment when the scale is above the threshold scale.  Loughmiller is the only reference that changes the

display of road segment names based upon scale.   However,
Loughmiller simply determines whether or not to display the road
segment name adjacent the road segment based upon the scale.
Loughmiller does not then display the current road segment name
in the current location field.   Therefore, all of the claims are
properly allowable.

Ex. 9 at 3 (emphasis added).  Based on this argument, the PTO allowed the claims and granted

the patent.  Claims 1, 26, and 29 of this patent asserted by Beacon in these litigations each

include the same alleged point of novelty as an element of the claims.  Ex. 8.

### b.       Reexamination of the '380 Patent

VWGoA filed a request for *ex parte* reexamination of claims 1, 26, and 29 of the '380

patent on December 13, 2011.  The PTO ordered reexamination on January 6, 2012, rejected

claims 1, 26, and 29—which, as noted above, the inventors argued were distinguishable over the

prior art because they included the feature of displaying the current road segment name in a

current location field, not adjacent to the current road segment, when the variable scale exceeds

the threshold scale—as not patentable, Beacon did not appeal the PTO determination, and the

PTO canceled these claims in a reexamination certificate issued on April 23, 2013.  *See* Exs. 10-

13.

### 3.       The '111 and '511 Patents

The '111 patent, which describes its alleged invention as a "Vehicle Navigation System

and Method Using GPS Velocities," was granted on February 22, 2000.  The '511 patent, which

describes its alleged invention as a "Vehicle Navigation System and Method," was granted on

January 19, 1999.  Both patents state that their alleged advance over prior systems is the use of

GPS information to derive velocity vectors for vehicle position propagation.  *See* Ex. 14, col. 1,

lines 60-67, col. 2, lines 8-20 and lines 27-36; Ex. 15, col. 1, line 63-col. 2, line 3, col. 2, lines

13-25 and lines 32-36.

### a.     The Original Prosecution of the '111 and '511 Patents

During the original prosecution of the '111 and '511 patents, the inventors confirmed that the feature allegedly distinguishing the claimed inventions of both patents over the prior art was the use of velocity information derived from GPS data gathered over a time interval to calculate the displacements from a previous vehicle position in order to propagate a new vehicle position from a previous one.   Ex. 16 at 1-4, 9-10; Ex. 17 at 2 ("The claimed invention sets forth calculating a displacement based on velocity information obtained from a GPS receiver over a time interval and obtaining a current position by adding the calculated displacement to a previous position.").   This same feature was relied on to distinguish the '511 patent claims from the prior art during the original prosecution of that patent.  Ex. 18 at 2, 4.

### b.     Reexamination of the '111 Patent

VWGoA filed a request for *ex parte* reexamination of claims 1, 10, and 17 of the '111 patent on December 23, 2011 and reexamination of these claims was ordered by the PTO on January 30, 2012.  *See* Ex. 19.  The PTO rejected these claims—including the feature of using GPS information to derive velocity vectors for vehicle position propagation on which the grant of both the '111 and '511 patents were based—as not patentable; again, Beacon did not appeal this determination, and the PTO canceled the claims in a reexamination certificate issued on March 28, 2013.  *See* Exs. 19-22.[8]

---

[8]   VWGoA filed a request for *ex parte* reexamination of claims 1 and 3 of the '511 patent on December 17, 2012, and reexamination was ordered by the PTO on January 23, 2013.  *See* Ex. 23.  On February 6, 2013, the PTO stayed the reexamination proceeding until the completion of an *inter partes* review previously filed by Denso Corporation.  On April 2, 2013, the PTO decided not to institute the *inter partes* review proceeding requested by Denso.  On May 1, 2013, Denso filed a motion for rehearing of the PTO's decision.

## ARGUMENT

After a patent has been declared invalid, the patent owner is precluded from asserting the patent and re-litigating the issue of the validity of its claims against the same or another party. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349-50 (1971); *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577-78 (Fed. Cir. 1994) (reversing damages for infringement and applying the doctrine of collateral estoppel where claims of two asserted patents were declared invalid in another litigation). The purpose of this doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

This rule also applies when the PTO determines in reexamination proceedings that the claims of a patent it previously granted are invalid. *See Seaquist Closures LLC v. Rexam Plastics*, Case No. 08C0106, 2009 U.S. Dist. LEXIS 48220, at *7 (E.D. Wis. Jun. 9, 2009) (dismissing action with prejudice where asserted claim was canceled in a reexamination proceeding); *Tan v. Integrated Silicon Sol'ns. Inc.*, No. C 07-06166 WHA, 2008 U.S. Dist. LEXIS 44564, at *10-11 (N.D. Cal. Jun. 5, 2008) (estopping patentee from asserting a claim rejected by the PTO during reexamination); *see also Flexiteek Americas, Inc. v. Plasteak, Inc.*, Case No. 08-60996-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 156286, at *34-36 (S.D. Fla. Sept. 10, 2012) (recommending that a final judgment of infringement be vacated when the claim found to be infringed was canceled by the PTO during reexamination because any claim canceled during reexamination is "void *ab initio*").

In the Sixth Circuit, the doctrine of collateral estoppel precludes a patent holder from re-litigating the validity of a patent when (1) the issue was litigated in a prior proceeding; (2) the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a

final decision on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See N.A.A.C.P. v. Detroit Police Officers Assoc.*, 821 F.2d 328, 330 (6th Cir. 1987); *Ohio Willow Wood Co. v. ALPS South, LLC*, Case No. 2:04-cv-1223, 2012 U.S. Dist. LEXIS 83345, at *18-19 (S.D. Ohio Jun. 15, 2012). The PTO's decision in a reexamination that a patent is not patentable is a final decision that triggers collateral estoppel. *Tan*, 2008 U.S. Dist. LEXIS 44564, at *11; *see also Smith v. SEC*, 129 F.3d 356, 362 n.7 (6th Cir. 1997).

Here, as explained below, the PTO has reexamined the asserted claims of Beacon's '180, '380, and '111 patents alleged to be infringed by the Volkswagen and Audi defendants in these litigations. In the reexaminations, the PTO determined that the features of those claims relied on by the inventors as the basis for their patentability are, in fact, not patentable in view of the prior art. Beacon did not dispute those determinations, and the PTO has canceled the reexamined claims. And, as already noted, the features of the claims of Beacon's '511 patent that the inventors relied on to distinguish the prior art are the same as the features that the PTO has determined, and that Beacon has conceded, are not patentable during the reexamination of the '111 patent.

As a result, Beacon is collaterally estopped from asserting infringement of the '180, '380, '111 and '511 patents, and its complaints for infringement against the Volkswagen and Audi defendants in the -405 and -512 cases should be dismissed with prejudice.

**I.    Beacon's Complaints For Infringement Of The '111, '380, And '180 Patents Should Be Dismissed With Prejudice Because Beacon Is Now Precluded By The Doctrine Of Collateral Estoppel From Re-Litigating Its Allegations Of Infringement Of The Asserted Patent Claims That Were Canceled By The PTO, And That It Has Conceded Are Not Patentable, In The Reexaminations**

As explained above, the PTO has completed its reexamination of the claims of Beacon's '111, '380, and '180 patents asserted in these litigations, and determined that those claims are not

patentable.  Beacon chose not to appeal those decisions, and the PTO has issued reexamination certificates canceling the claims.  The reexamination decisions and claim cancellations are final judgments on the merits of the validity of Beacon's patents.  *See* 35 U.S.C. 307(a) ("[I]n a reexamination proceeding . . . when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable . . .").

Beacon also had a full and fair opportunity to participate in the reexamination proceedings, and deliberately chose not to appeal the PTO determinations.  The doctrine of collateral estoppel accordingly precludes Beacon from re-litigating these same issues in this Court.  And because collateral estoppel precludes Beacon from re-litigating the validity of the claims the PTO has determined are invalid, this Court should dismiss Beacon's complaints for infringement of the '111, '380, and '180 patents, with prejudice.  *See, e.g.*, *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577-78 (Fed. Cir. 1994) (reversing damages for infringement and applying collateral estoppel where claims of two asserted patents were declared invalid in another litigation); *Seaquist Closures*, 2009 U.S. Dist. LEXIS 48220, at *7 (dismissing action with prejudice where asserted claim was canceled in reexamination proceeding); *Tan*, 2008 U.S. Dist. LEXIS 44564, at *10-11 (estopping patentee from asserting claim rejected by PTO during reexamination); *see also Flexiteek Americas*, 2012 U.S. Dist. LEXIS 156286, at *34-36 (recommending relief from judgment and vacating final judgment where claim found to be infringed was canceled by PTO during reexamination, noting that any claim canceled during reexamination is "void ab initio").

II.     **Beacon's Complaints For Infringement In These Litigations Should Also Be Dismissed With Prejudice Because The Doctrine Of Collateral Estoppel Now Precludes Beacon From Litigating Allegations Of Infringement Of Any Other Claims Of The '111, '380, And '180 Patents, Or Any Claims Of The '511 Patent, Because Those Claims Relied On Features Of The Canceled Claims That The PTO Has Determined Are Not A Basis For Patentability, And Beacon Has Conceded That Those Features Are Not Patentable**

The doctrine of collateral estoppel also precludes Beacon from litigating the validity of patent claims that were not themselves previously adjudicated to be invalid because the 'issues litigated, *not* the specific claims around which the issues were framed' are determinative." *Medinol Ltd. v. Guidant Corp.*, 341 F. Supp. 2d 301, 314 (S.D.N.Y. 2004) (quoting *Westwood Chem., Inc. v. U.S.*, 525 F.2d 1367, 1372 (Ct. Cl. 1975) (emphasis in original); *see also Ohio Willow Wood Co.*, 2012 U.S. Dist. LEXIS 83345, at *20 ("Collateral estoppel may also operate to bar re-litigation of common issues in actions involving *different but related* patents . . . ."). A patentee cannot avoid collateral estoppel by asserting different patent claims, when in those claims the same "contribution to the art is presented in varying language or varying obvious combinations of elements." *Bourns v. U.S.*, 537 F.2d 486, 492 (Ct. Cl. 1976); *Ohio Willow Wood Co.*, 2012 U.S. Dist. LEXIS 83345, at *21. Only where the difference between the adjudicated claims of a patent and the unadjudicated claims "lends patentable significance" to the claimed invention is collateral estoppel inappropriate. *Medinol*, 341 F. Supp. 2d at 322.

During the reexaminations, the PTO considered the patentability of the features of the asserted claims of the '180, '380, '111, and '511 patents that were relied on by the inventors and their patent attorneys during the original prosecution of these patents to distinguish the claims of the patents over the prior art, and it determined in each case that those features are not patentable.

During the prosecution of the '180 patent, both the applicant and the PTO agreed that the only claimed feature not described in the prior art was displaying a hit list of points of interest,

organized based on the vehicle's current travel status.  *See* Ex. 2 at 3; Ex. 3 at 3.  The PTO considered the same issue during reexamination of the '180 patent, and determined that this feature is in fact described in the prior art and is not a basis for patentability.

The '380 patent describes its alleged advance over prior systems as displaying an associated road segment name adjacent to the current road segment when the scale is below a threshold, and displaying the associated road segment name of the current road segment in a current location field not adjacent to the current road segment when the scale is above the threshold.  *See* Ex. 8, col. 2, lines 24-30.  During the original prosecution of this patent, the inventors argued that this feature was not described in the prior art.  *See* Ex. 9 at 3.  The PTO considered the same issue during its reexamination of claims 1, 26, and 29 of the '380 patent, and determined that it too does not distinguish the '380 patent from the prior art.

During prosecution, the inventors of the '111 and '511 patents relied on the same feature to distinguish the claims of these patents from the prior art: using velocity vectors obtained from a GPS over a time interval to determine vehicle displacement for that time interval, and then adding that displacement to a previous position to obtain the current vehicle position.  The PTO considered this same feature when it reexamined claims 1, 10, and 17 of the '111 patent and determined that it does not distinguish the claims from the prior art.  *See* Exs. 14 - 17.

Beacon's complaints for infringement in these lawsuits should also be dismissed with prejudice because it is now precluded by the doctrine of collateral estoppel from litigating the infringement of any other claims of the '111, '380, and '180 patents, or any claims of the '511 patent, because those claims relied on features of the canceled claims that the PTO has determined are not a basis for patentability, and Beacon has conceded that those features are not patentable.  *See, e.g., Bourns*, 537 F.2d at 494 (applying collateral estoppel to unadjudicated

claims and concluding that "despite verbal differences in the claims, issues identical to those in *Dale* are presented here and that, having had their one day in court on those issues, plaintiffs should now be collaterally estopped to re-litigate those issues"); *Ohio Willow Wood*, 2012 U.S. Dist. LEXIS 83345, at *29, 33 (applying collateral estoppel to find unadjudicated independent and dependent claims invalid where the differences between the adjudicated and unadjudicated claims were the addition of well-known techniques to a known or obvious invention); *Collegenet, Inc. v. Applyyourself, Inc.*, No. CV-02-484-HU, 2008 U.S. Dist. LEXIS 90156, at *97 (D. Ore. Oct. 28, 2008) (granting motion for summary judgment based on collateral estoppel where the differences between adjudicated and unadjudicated claims were insubstantial and did not distinguish the claimed invention from the prior art); *Medinol Ltd.*, 341 F. Supp. 2d at 321-24 (finding claims barred by collateral estoppel where additional limitations of nonadjudicated claims were not patentably significant); *see also Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341-42 (Fed. Cir. 2012) (precluding litigation of unadjudicated claims where the additional limitations added to the claims were insubstantial, noting that allowing the patentee to pursue litigation would present "a clear instance of claim splitting, which is forbidden by the principles of res judicata"); *Amgen, Inc. v. Ortho Biotech Inc.*, 98 F.3d 1328, 1332 (Fed. Cir. 1996) (applying collateral estoppel to unadjudicated patent where adjudicated patent presented same issues on enablement).

## <u>CONCLUSION</u>

For the foregoing reasons, the Volkswagen and Audi defendants respectfully submit that this Court should dismiss Beacon's complaints for infringement in the -405 and -512 cases, with prejudice.

13

Dated:   June 7, 2013                        Respectfully submitted,


                                             */s/Michael C. Simoni*

                                             Marjory G. Basile (P30358)
                                             Michael C. Simoni (P70042)
                                             Miller, Canfield, Paddock and Stone, P.L.C.
                                             150 W. Jefferson Ave., Suite 2500
                                             Detroit, MI 48226
                                             (313) 963-6420
                                             basile@millercanfield.com
                                             simoni@millercanfield.com

                                             Michael J. Lennon (NY 1160506)
                                             KENYON & KENYON LLP
                                             One Broadway
                                             New York, NY 10004-1007
                                             Tel.: (212) 425-7200
                                             mlennon@kenyon.com

                                             Susan A. Smith (DC 455946)
                                             KENYON & KENYON LLP
                                             1500 K Street, NW
                                             Washington, DC 20005-1257
                                             Tel.: (202) 220-4200
                                             ssmith@kenyon.com

                                             *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2013, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan pursuant to E.D. Mich. LR 5.1.1 using the ECF System, which will send notification to all registered participants of the ECF system as listed on the Court's Notice.

<em>/s/ Michael C. Simoni</em>

21,245,114.1\115239-00012