## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| BEACON NAVIGATION GMBH, | Case No. 2:13-CV-11410-VAR-EAS |
| Plaintiff, | Hon. Victoria A. Roberts |
| v. | Mag. Elizabeth A. Stafford |
| BAYERISCHE MOTOREN WERKE AG; BMW OF NORTH AMERICA, LLC; AND BMW MANUFACTURING CO., LLC, | |
| Defendants. | |
| BEACON NAVIGATION GMBH, | Case No. 2:13-CV-11455-VAR-EAS |
| Plaintiff, | Hon. Victoria A. Roberts |
| v. | Mag. Elizabeth A. Stafford |
| DAIMLER AG, DAIMLER NORTH AMERICA CORPORATION, MERCEDES-BENZ USA, LLC, AND MERCEDES-BENZ U.S. INTERNATIONAL, INC., | |
| Defendants. | |
| BEACON NAVIGATION GMBH, | Case No. 2:13-cv-11413-VAR-EAS |
| Plaintiff, | Hon. Victoria A. Roberts |
| v. | Mag. Elizabeth A. Stafford |
| HONDA MOTOR CO. LTD., HONDA NORTH AMERICA, INC., AMERICAN HONDA MOTOR CO., INC., HONDA MANUFACTURING OF ALABAMA, LLC, HONDA MANUFACTURING OF INDIANA, | |

| | |
|---|---|
| LLC, AND HONDA OF AMERICA MANUFACTURING, INC., | |
| Defendants**.** | |
| BEACON NAVIGATION GMBH, | Case No. 2:13-cv-11512-VAR-EAS |
| Plaintiff, | Hon. Victoria A. Roberts |
| | Mag. Elizabeth A. Stafford |
| v. | |
| VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS LLC, | |
| Defendants. | |
| BEACON NAVIGATION GMBH, | Case No. 2:13-cv-11380-VAR-EAS |
| Plaintiff, | Hon. Victoria A. Roberts |
| | Mag. Elizabeth A. Stafford |
| v. | |
| FCA US LLC, f/k/a CHRYSLER GROUP LLC, | |
| Defendants. | |

## **DEFENDANTS' RESPONSE BRIEF TO PLAINTIFF'S MOTION TO LIFT STAY**

## <u>COUNTER-STATEMENT OF ISSUES PRESENTED</u>

Should the Court continue the stay of these proceedings while there are questions regarding the sufficiency of the allegations, and the eligibility of the claims, following the Patent Trial and Appeal Board's narrow claim construction?

**Defendants' Answer:** YES

38489097.1/115239.00012

# **TABLE OF CONTENTS**

I.     INTRODUCTION: THIS CASE SHOULD ONLY PROCEED IF
       BEACON CAN ESTABLISH A BASIS FOR ITS CLAIMS .......................1

II.    PROCEDURAL HISTORY: ONLY TWO NARROW CLAIMS
       FROM ONE PATENT REMAIN IN THIS CASE ........................................3

       A.     These Cases Have Been Stayed For Years After Beacon's
              Unsuccessful ITC Investigation and Defendants'
              Overwhelmingly Successful Reexaminations......................................3

       B.     Beacon Had to Significantly Narrow the Scope of Claims 1 and
              3 of the '511 Patent for Them To Survive .............................................4

       C.     Beacon's Original Infringement Theory for Claims 1 and 3 Was
              Much Broader Than the Surviving Scope of Those Claims ...............8

III.   ARGUMENT: THE STAY SHOULD NOT BE LIFTED UNLESS
       BEACON CAN SHOW CAUSE AS TO AN INFRINGEMENT
       THEORY IN VIEW OF THE NARROW SCOPE OF CLAIMS 1
       AND 3 AND ESTABLISH THAT THOSE CLAIMS ARE PATENT
       ELIGIBLE .........................................................................................................9

       A.     The Stay Should Not Be Lifted Because Beacon Has Not
              Shown an Infringement Basis for Narrowed Claims 1 and 3 ..............9

       B.     The Court Also Should Assess Patent Eligibility Before Fully
              Reopening the Case ........................................................................................11

IV.    CONCLUSION....................................................................................................11

38489097.1/115239.00012

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Beacon v. Bayerische Motoren Werke AG et al*...........................................................3

*Gottschalk v. Benson*,
    409 U.S. 63 (1972)................................................................................................11

**STATUTES**

35 U.S.C. § 101 ......................................................................................................2, 11

38489097.1/115239.00012

## <u>CONTROLLING/MOST APPROPRIATE AUTHORITY</u>

*Gottschalk v. Benson*, 409 U.S. 63 (1972)

35 U.S.C. § 101

## I.   INTRODUCTION: THIS CASE SHOULD ONLY PROCEED IF BEACON CAN ESTABLISH A BASIS FOR ITS CLAIMS

Defendants Bayerische Motoren Werke AG, BMW of North America, LLC, BMW Manufacturing Co., LLC (collectively, "BMW"), Daimler AG, Daimler North America Corporation, Mercedes-Benz USA, LLC, and Mercedes-Benz U.S. International, Inc. (collectively, "Mercedes"), FCA US LLC, Honda Motor Co. Ltd., Honda North America, Inc., American Honda Motor Co., Inc., Honda Manufacturing of Alabama, LLC, Honda Manufacturing of Indiana, LLC, and Honda of America Manufacturing, Inc. (collectively, "Honda"), Volkswagen AG, Volkswagen Group of America, Inc., and Volkswagen Group of America Chattanooga Operations LLC (collectively, "VW") (all of the foregoing collectively, Defendants)[1] hereby oppose Beacon Navigation GmbH's ("Beacon") Motion to Lift Stay in their respective cases because Beacon has not explained a basis for its infringement claims against Defendants, and the case should only proceed in limited fashion until Beacon can do so; otherwise, the case should be dismissed.[2]

---

[1] The named Defendants are filing this same response brief in each of their respective cases.

[2] Although Defendants Mazda Motor Corporation et al. (Case No. 2:13-cv-11448-VAR-EAS), Jaguar Land Rover North America, LLC et al. (Case No. 2:13-cv-11424-VAR-EAS), Hyundai Motor Company et al. (Case No. 2:13-cv-11416-VAR-EAS), and Kia Motors Corporation et al. (Case No. 2:13-cv-11441-VAR-EAS) did not oppose Plaintiff's motion on purely procedural grounds only, all four of Mazda, Jaguar Land-Rover, Hyundai, and Kia have informed Plaintiff that they agree completely with the substantive issues raised in this motion and the apparent

1

Almost 10 years ago, Beacon initiated these cases asserting a host of patents, including U.S. Patent No. 6,374,180 (the "'180 patent"); U.S. Patent No. 6,029,111 (the "'111 patent"); and U.S. Patent No. 5,862,511 (the "'511 patent"). In view of the Patent Office conducting reexaminations of Beacon's asserted patents, the Court previously stayed more than 30 cases Beacon filed. Of all the patents and claims Beacon asserted, only two claims—claims 1 and 3 of the '511 patent—survived those reexaminations. And those claims only survived because, consistent with arguments Beacon made during reexamination, the Patent Office significantly narrowed their scope to avoid invalidity. The Patent Office also made extremely clear that the only allegedly novel aspect of claims 1 and 3 are directed towards application of mathematical equations ineligible for patenting under 35 U.S.C. § 101.

After the reexamination of the '511 patent concluded, Defendants asked that Beacon explain how its decade-old infringement theory still applied in view of this recently, significantly narrowed claim scope, and Beacon refused, pointing only to its 2011 (and pre-reexamination) claim charts and expert declaration. Defendants' could not consent to Beacon's Motion to Lift Stay for this reason, and Beacon's

---

lack of Rule 11 basis for Beacon to continue the litigation.  Mazda, Jaguar Land-Rover, Hyundai, and Kia have further informed the Plaintiff that they will be raising exactly these issues with the Court if the stay is lifted.

38489097.1/115239.00012

Motion should be denied until, in the interest of judicial economy, Plaintiff can show cause why the Stay should be lifted on two threshold issues—(1) whether Beacon has a basis to assert infringement in view of the Patent Office's narrow claim construction and (2) whether the Patent Office's findings establish the '511 patent as ineligible subject matter. Or at the very least, this case should only proceed in a very limited fashion to address these issues before the parties engage in costly, and unnecessary, discovery.

## II.   PROCEDURAL HISTORY: ONLY TWO NARROW CLAIMS FROM ONE PATENT REMAIN IN THIS CASE

### A.   These Cases Have Been Stayed For Years After Beacon's Unsuccessful ITC Investigation and Defendants' Overwhelmingly Successful Reexaminations

In October 2011, Beacon filed 38 patent infringement actions in the U.S. District Court for the District of Delaware, asserting eight patents against over 50 automobile manufacturers and distributors (collectively). Defendants moved to stay these district court actions in light of a pending parallel ITC Investigation Beacon filed in December 2011. *See, e.g., Beacon v. Bayerische Motoren Werke AG et al*, et al, No. 1:11-cv-931 (D. Del.), Dkt. No. 15. Beacon unilaterally moved to terminate the ITC investigation in the midst of discovery there—and prior to claim construction—after which the Delaware court lifted the stay and transferred the pending actions to this Court in March 2013. *See, e.g., id.*, Dkt. No. 55. This Court then stayed all proceedings in light of certain Patent Office actions against the

patents Beacon asserted in its original complaints in August and September 2013. *See*, *e.g.*, 2:13-cv-11410, Dkt. No. 31.

Two years later, in December 2015 and after the original Patent Office reexaminations concluded, Beacon asked the Court to lift the stay and identified additional patent claims that it intended to pursue. *See, e.g.*, 2:13-cv-11378, Dkt. No. 29. On December 22, 2015, the Court continued the stay pending additional reexaminations of the remaining claims and expressly limited the claims that Beacon could pursue to only the "exclusive and exhaustive list of claims" identified in a "final universe of claims" table included in the Court's order. *E.g.*, 2:13-cv-11410-VAR-EAS, Dkt. No. 39 (Order on Stay), at 11-12, 14-15. Beacon identified the "final universe" of claims against each party as including between 11 and 22 claims across five patents, including claims 1 and 3 of the '511 patent, the only asserted claims of that patent. *Id.* at 11. The reexaminations then resulted in cancellation and invalidity of all of these patents' asserted claims, except for claims 1 and 3 of the '511 patent, which generally describe a vehicle navigation system using GPS information. *See generally,* 2:13-cv-11410, Dkt. No. 1, Ex. C ('511 Patent).

## B.   Beacon Had to Significantly Narrow the Scope of Claims 1 and 3 of the '511 Patent for Them To Survive

The Patent Office reexamined claims 1 and 3 of the '511 patent based on an April 2016 reexamination request (Ex. A (Cover of  Request)), and two requests filed in July and September, 2018, which were merged together. Ex. B (Patent Office

4

Decision to Merge Reexaminations). The April 2016 reexamination concluded quickly in November 2016 (Ex. C (2016 Reexamination Certificate)), but the merged requests proceeded and resulted in a final rejection of claims 1 and 3 on multiple grounds on May 2, 2019. Ex. D (Final Rejection). Though Beacon initially missed its deadline to appeal the final rejection (*see* Ex. E (Beacon's Dec. 7, 2020 Petition to Reopen Appeal)), Beacon was ultimately able to appeal the rejection to the Patent Trial and Appeal Board on December 2, 2019 ("PTAB"). Ex. F (Appeal Brief).

The Patent Office's final rejection and Beacon's appeal both focused on the same requirement of claims 1 and 3—"rotat[ing] velocity to align with said map heading and integrat[ing] rotated velocity to obtain [a] displacement."[3] *See, e.g.*, Ex.

---

[3] Claims 1 and 3 of the '511 patent are provided below for reference, with the relevant "rotating" element underlined:

| Claim 1: | Claim 3: |
| --- | --- |
| An improved vehicle navigation system comprising: | A method of estimating the velocity of a vehicle known to be on a mapped path comprising: |
| a map database with map information, said vehicle navigation system derives a map heading from said map information; | determining the velocity of the vehicle, the velocity including a heading, |
| and a GPS receiver which provides GPS velocity information including a heading, said vehicle navigation system uses said velocity information to propagate a previous position to a current position and interrogates said | interrogating a map database to obtain a map heading of said mapped path; and |
| | updating said velocity with said map heading if the difference between the |

G (PTAB reversal). Specifically, to avoid the prior art, Beacon argued that this claim language narrowly required "rotating the velocity vector *followed by* integrating the rotated vector." *See, e.g.*, Ex. F (PTAB reversal) (paraphrasing Beacon's arguments). The PTAB agreed with this narrow construction of the claims and reversed the final rejection based on Beacon's representation, over several prior art references that disclosed using velocity to obtain displacements in GPS systems. *See generally, id.* (discussing U.S. Patent No. 4,796,191 "Honey"; U.S. Patent No. 5,416,712 "Geier"; U.S. Patent No. 5,902,351 "Streit"; Japanese Patent No. 4-121618 "Yoshinori"; and Putnam, Rex G Jr., A conceptual design of an inertial navigation system for an autonomous submersible testbed vehicle, M.S. Thesis,

| | |
|---|---|
| map database to obtain said map heading information; said vehicle navigation system updates said velocity information with said map heading for propagating said previous position to said current position if the difference between the heading of said velocity information and said map heading are within a threshold, wherein said system **rotates said velocity to align with said map heading and integrates the rotated velocity to obtain displacements**; said system obtains said current position by applying said displacements to said previous position. | heading of said velocity and said map heading are within a threshold; using said velocity to propagate a previous position to a current position, wherein said step of using **includes rotating velocity to align with said map heading and integrating rotated velocity to obtain a displacement** and obtaining said current position by applying said displacement to said previous position. |

6

Naval Postgraduate School, Monterey, CA, 1987). Indeed, there was no real dispute from Beacon or the PTAB that the prior art disclosed every other element of claims 1 and 3 of the '511 patent. *Id.* Indeed, in trying to save these claims, Beacon explicitly argued that the specific sequence of rotating and integrating a velocity vector "was the point of novelty." Ex. F at 8.

Beacon made very specific arguments to distinguish the '511 patent from the many references teaching aligning a velocity vector with a map heading. For example, when facing an obviousness rejection over Streit and Honey, Beacon explained, that "the Streit formulae are not 'rotating' <u>according to the construction being applied</u>…[i]n order to rotate, a new heading (a completely new vector) must be determined <u>by rotation</u>, <u>and then</u> that vector must be rotated." Ex. F at 11. Beacon explained further, that "Streit teaches rotation by updating the directional components, that is only done after integration." *Id*. Likewise, Beacon distinguished the '511 patent from Putnam and Broxmeyer, stating that they "are not 'rotating' a vector in the sense that they are changing it," and further that "[s]imply expressing the vector in another frame of reference is not 'rotating' the vector," (*Id.* at 14.), it is instead "replacing the determined heading (*e.g.*, from sensors or the GPS) with the map heading." *Id.* (citing Dr. Bartone). Beacon made a similar argument to overcome McClure, arguing that "McClure teaches transformation of the vector from reference frame $\Phi_y$ to $\Phi_x$ but does not actually 'rotate' the velocity as required

7

by the '511 patent." (*Id.* at 14–15.). Beacon further pointed out, "the '511 patent rotates the velocity vector, effectively maintaining its length (speed) but orienting its heading with the map heading." *Id.* at 15.

Thus, Beacon made abundantly clear that claims 1 and 3 of the '511 patent require a very narrow, very specific application of particular mathematical steps— and the PTAB allowed the claims to survive based on this representation.

### C.   Beacon's Original Infringement Theory for Claims 1 and 3 Was Much Broader Than the Surviving Scope of Those Claims

Beacon filed an ITC investigation on October 21, 2011. With the complaint, Beacon served Defendants with claim charts asserting infringement for claims 1 and 3 of the '511 patent, and a supporting declaration. *See, e.g.,* Ex. I ('511 Claim Chart); Ex. H (Public Version Declaration of Dr. Dafesh). Beacon's infringement theory for the relevant "rotation" element, as explained in, for example, the following claim chart is as follows:

| 5,862,511 | 2011 BMW M3 (Exemplary BMW Accused Product); VIN: WBSKG9C51BE646291 |
|---|---|
| using said velocity to propagate a previous position to a current position, wherein said step of using includes rotating velocity to align with said map heading and integrating rotated velocity to obtain a displacement and | A test was done in which the vehicle was traveling at a high velocity on a freeway. The vehicle location was updated much more frequently than once per second, the typical refresh rate of GPS position information. This demonstrates that the location of the vehicle was propagated based on velocity information rather than waiting for the next time the GPS receiver updated its position. Ex. 95, Declaration of Dr. Dafesh, ¶ 18. It is known that GPS receivers produce information sufficient to determine position each update period (which is typically once a second), whereas a velocity may be determined more frequently and with more accuracy than waiting for a location update. Ex. 95, |
| obtaining said current position by applying said displacement to said previous position. | Declaration of Dr. Dafesh, ¶ 12.<br><br>If the compared headings are within a threshold, the system aligns the velocity vector with the map heading, integrates the velocity to obtain a displacement, and applies displacements to the previous position to obtain the current position. This is known because the heading of the vehicle is in the direction of the current road segment. Further, this is observed in the test described above in which the vehicle cursor was aligned with the road segment despite the fact that the vehicle was in fact not on that road. Ex. 95, Declaration of Dr. Dafesh, ¶¶ 15 and 19. |

*See, e.g.,* Ex. I at 18–19 (highlighting added for emphasis).[4]

As shown, Beacon's claim chart does not mention <u>rotating</u> a velocity <u>followed by</u> integrating a rotated velocity. Instead, the claim chart alleges generic map matching—e.g., that the "system ***aligns*** the velocity vector with the map heading" and "integrates the velocity to obtain a displacement," in no particular order. *Id.* (emphasis added). The claim chart further cites the declaration of Dr. Dafesh, executed on October 3, 2011. *Id.* at 7. Again, the declaration does not mention rotating a velocity followed by integrating a rotated velocity—it only includes language about "align[ing]" a heading, not a complete vector, and does not mention rotation at all. Ex. H, ¶ 19. Beacon, however, later argued to the Patent Office that "[i]f the navigation system is implemented in software, then it ***must*** contain an algorithm for rotating, then integrating." Ex. F at 8 (emphasis added).

## III.   ARGUMENT: THE STAY SHOULD NOT BE LIFTED UNLESS BEACON CAN SHOW CAUSE AS TO AN INFRINGEMENT THEORY IN VIEW OF THE NARROW SCOPE OF CLAIMS 1 AND 3 AND ESTABLISH THAT THOSE CLAIMS ARE PATENT ELIGIBLE

### A.   The Stay Should Not Be Lifted Because Beacon Has Not Shown an Infringement Basis for Narrowed Claims 1 and 3

As a direct result of Beacon's arguments to overcome the prior art before the Patent Office, the PTAB substantially narrowed the claims of the '511 patent.

---

[4] This chart is representative of the claim charts Beacon provided for all Defendants.

Nonetheless, when Beacon was asked to explain its infringement theory in view of the new, narrow claim scope from the PTAB, Beacon pointed only to a decade-old claim chart and declaration from Dr. Dafesh, Beacon's then-expert, that Beacon served with the 2011 complaint for its defunct ITC Investigation, almost 10 years before the PTAB whittled down the claims. However, as explained above, the claim chart and expert declaration only generically reference alignment of vectors or headings; they do not allege, let alone explain, how the GPS systems in the accused vehicles supposedly rotate the velocity vector *followed by* integrating the rotated vector, as Beacon argued, and the PTAB agreed, the claims require. Despite the stark differences between the infringement basis articulated in Beacon's 2011 claim charts (for all defendants) and the specific and narrow claim scope newly articulated by Beacon and the PTAB during the intervening reexamination, Beacon has refused to explain how its old decade-old allegations are still applicable.

Before this case proceeds, Beacon should have to explain how its infringement theories against Defendants can remain unchanged in view of the newly narrowed claims, and Defendants should be given an opportunity to depose Dr. Dafesh (or Beacon's current expert) to confirm the same. That is, Beacon should not be allowed to simply re-open the case, and force the Court and parties to begin expending significant resources, without explaining how it still has a good-faith, Rule 11 basis for its infringement allegations with respect to claims 1 and 3 of the

'511 patent, given that those claims have now been substantially narrowed *at Beacon's urging*.

### B.   The Court Also Should Assess Patent Eligibility Before Fully Reopening the Case

In reversing the rejection of claims 1 and 3 of the '511 patent, the PTAB did not dispute the examiner's finding that the prior art disclosed every element of the claims except for the very specific rotating and integrating steps described above. *See, e.g.,* Ex. G at 6-7 (noting Examiner's findings that prior art references taught the "vehicle navigation system as claimed," but that the references did not teach "rotating the velocity as claimed."). Indeed, Beacon specifically argued that only the rotating steps were the "point of novelty" of the alleged invention. Ex. F at 8.

However, rotating a velocity vector and integrating a velocity vector after rotating are pure applications of vector calculus, and thus are not patent eligible. *See Gottschalk v. Benson,* 409 U. S. 63, 71-72 (1972) (finding mathematical formula ineligible). Before this case resumes fully, the parties should present arguments and the Court should assess the patent ineligibility of claims 1 and 3 of the '511 patent under 35 U.S.C. § 101.

## IV.   CONCLUSION

For all the reasons discussed herein, Beacon's motion to lift the stay of the litigation should be denied, or at the very least, should only be granted for the

purposes of addressing the threshold issues regarding the basis for Beacon's

infringement allegations and patent ineligibility.

Dated:  December 17, 2021                Respectfully submitted by:

*/s/ Susan A. Smith*
Susan A. Smith (DC 455946)
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Tel: (202) 661-2247
smiths@ballardspahr.com

Joseph G. Vernon (P68951)
Miller Canfield
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Tel: (313) 963-6420
vernon@millercanfield.com

*Counsel for Defendants Volkswagen AG,*
*Volkswagen Group of America, Inc., and*
*Volkswagen Group of America Chattanooga*
*Operations, LLC*

/s/ L. Pahl Zinn (w/permission)
L. Pahl Zinn (P57516)
Dickinson Wright, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
pzinn@dickinson-wright.com

*Counsel for Defendants Bayerische Motoren*
*Werke AG, BMW of North America, LLC,*
*BMW Manufacturing Co., LLC*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square

12

11955 Freedom Drive
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4020
(202) 408-4400 – fax
R.Benjamin.Cassady@finnegan.com

*Co-Counsel for Defendants Bayerische
Motoren Werke AG, BMW of North
America, LLC, BMW Manufacturing Co.,
LLC*

*/s/ Celine J. Crowson* (w/ permission)
Celine J. Crowson
HOGAN LOVELLS
555 13th Street NW
Columbia Square
Washington DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910

Dennis M. Barnes
BARRIS SCOTT DENN DRIKER PLLC
Email: dbarnes@bsdd.com
211 W. Fort St. 15h Floor
Detroit, MI 48226-3281
Telephone: 313-965-9725
Facsimile: 313-983-3333

*Counsel for Defendants Daimler AG,
Daimler North America Corporation,
Mercedes-Benz USA, LLC, and
Mercedes-Benz U.S. International, Inc.,*

*/s/ John T. Johnson* (w/ permission)
John T. Johnson (admitted in E.D. Mich.)

13

FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
jjohnson@fr.com

Ahmed J. Davis (admitted in E.D. Mich.)
FISH & RICHARDSON P.C.
1000 Maine Ave., SW, Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
Davis@fr.com

Thomas Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodard Avenue, 200 East
Bloomfield Hills, MI 48304
Tel.: (248) 205-3300
Fax: (248) 205-3399
thomas.branigan@bowmanandbrooke.com

*Counsel for Defendants Honda Motor Co.
Ltd., Honda North America, Inc. American
Honda Motor Co., Inc. Honda
Manufacturing of Alabama, LLC, Honda
Manufacturing of Indiana, LLC, and Honda
of America Mfg., Inc.*

*/s/ Frank C. Cimino, Jr.* (w/ permission)
Frank C. Cimino, Jr.
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC
Tel. 202.344.4569
fccimino@venable.com

Moheeb H. Murray
Patrick G. Seyferth
Stephanie A. Douglas
BUSH, SEYFERTH & PAIGE
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084-3107
Tel. 248.822.7800
Fax 248.822.7852
murray@bsplaw.com

14

38489097.1/115239.00012

seyferth@bsplaw.com
douglas@bsplaw.com

*Counsel for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2021, I electronically filed the foregoing

document with the Clerk of the Court using the Electronic Court Filing system which

will send notification of such filing to all parties of record.

*/s/ Joseph G. Vernon*
JOSEPH G. VERNON

15